## PUENTE *v.* OTERO.

### APPEAL from the District Court of Mayagüez.

No. 128.—Decided June 14, 1904.

DIVORCE—GROUNDS—ABSENCE NOT NECESSARILY ABANDONMENT.—Although abandonment of the wife by the husband or of the husband by the wife for a longer period of time than one year, is one of the causes for divorce, absence for more than one year does not necessarily imply abandonment, which must be satisfactorily proved before a decree of divorce can be issued.

#### STATEMENT OF THE CASE.

This is a declaratory action for divorce, instituted in the District Court of Mayagüez by Rosario Puente y Acosta, represented in the first instance by her attorney Benito Forés, and in this Supreme Court by Attorney Sandalio Torres Monge, plaintiff, against José Antonio Otero y Alomar, defendant, who, not appearing at the trial, was declared in default. The case is pending before us on appeal taken by counsel for the plaintiff from the judgment rendered by aforesaid district court, which reads as follows:

"Judgment.—In the city of Mayagüez, April 15, 1903. A hearing was had of this declaratory action for divorce, instituted by Rosario Puente y Acosta, married, of legal age, engaged in domestic occupations, a resident of the city of San Germán, represented by Attorney Benito Forés, against José Antonio Otero Alomar, of legal age, married, domicile unknown, and declared in default.

"The plaintiff bases her complaint on the following facts: On July 16, 1900, she contracted civil marriage in this city with the said José Antonio Otero Alomar, as shown by the accompanying certificate. They lived together for some time without having any children, and in February, 1901, he took her to the house of her mother, Rosario Acosta, in San Germán, where she was to remain until he should send for her from Santo Domingo, for which country he left in May of the same year. After waiting for a long time she received from him only ten dollars and several letters in which he promised to return to this country, but failed to do so, thereby show-

ing that he had absolutely abandoned her. As a result of this she had experienced a great deal of suffering and undergone many sacrifices in order to support herself and two children had by her first marriage. From the tenor of the letters addressed to her by her husband said abandonment is to be inferred, since in them he unjustly reproaches her for her conduct and deportment, when it is known to all that during the time she was with her mother and since she has been in her sister's house, she has lead a life of seclusion, away from amusements and public gatherings, sustained by the hope that her husband would send for her or come back and join her, which he never did, but on the contrary, seems inclined to excuse his misbehaviour. His whereabouts are unknown to her owing to the revolution now going on in Santo Domingo, according to his last letter. Neither of the spouses had brought anything to the conjugal partnership. She has always resided in the island, without ever leaving it for any reason whatever. She prayed that in due time judgment be rendered granting her a divorce declaring the marriage bonds dissolved, and complying with the other provisions of the Civil Code.

"The complaint was admitted and due notice thereof served upon the Department of Justice and the defendant, who was cited by means of notices posted in the court room and published in two local newspapers, for the prescribed period of time, the whereabouts of said defendant being unknown. Upon the expiration of said period he was declared in default, all further notifications to him being made within the court.

"The parties having been summoned for the purpose of proposing evidence, counsel for the plaintiff was the only one to appear, who proposed documentay evidence and that of the testimony of witnesses, which being admitted by the court, a day and hour were set for taking the same at the oral trial, after citation of the adverse party.

"The plaintiff, through her counsel, was the only party to appear at the oral trial, which was declared opened, and the documentary evidence proposed having been waived, the examination of witnesses was proceeded with, after which counsel adduced such arguments as were deemed pertinent.

"At the day and hour set for the purpose, the judgment was voted and unanimously adopted in open court.

"In the conduct of this trial the rules of procedure have been observed.

"Associate Judge Enrique González Darder prepared the opinion of the court.

"Although the plaintiff has alleged as grounds for divorce in this case, the abandonment of the wife by the husband for the period of one year, said abandonment or cause has not been proved by the plaintiff, as it should have been.

"It is a general principle of law that in every complaint or action the burden of the proof rests upon the plaintiff, and that if said proof is not convincing, the defendant must be absolved from the complaint: *Actore non probante reus est absolvendus.*

"According to section 63 of General Order No. 118, series of 1899, costs shall always be taxed against the litigant who loses his case on all points.

"In view of the legal provisions cited, we adjudge that we should absolve and do absolve José Antonio Otero y Alomar from the action of divorce brought against him by his wife, Rosario Puente y Acosta with costs against the latter. So by this our judgment we pronounce, order and sign. Arturo Aponte, J. A. Erwin, Enrique González Darder.—Juan Arroyo Mestre."

From the foregoing judgment counsel for the plaintiff, Rosario Puente y Acosta, took an appeal which was allowed both for review and stay of proceedings, the record being forwarded to this Supreme Court, after citation of the parties and the appellant having appeared, the appeal was conducted under the proper procedure and a day set for the hearing, at which only the *fiscal* of this Supreme Court was present, who opposed the appeal.

*Mr. Torres Monge,* for appellant.

*Mr. del Toro, Fiscal,* for the People.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after making the above statement of facts, delivered the opinion of the court.

The findings of fact contained in the judgment appealed from are accepted.

Although the abandonment of the wife by the husband or of the husband by the wife, for a longer period of time than one year, is one of the grounds for divorce, according to sec-

tion 164 of the revised Civil Code, in the case at bar the alleged abandonment has not been proved by the plaintiff; for although it appears that the husband had left Santo Domingo, where he has been residing for over a year, it is not shown that he had wholly forsaken her, but on the contrary, the plaintiff Rosario Puente stated in her complaint that during her husband's absence he had sent her some money and written her several letters, which show that the abandonment of the wife, alleged as a ground for the divorce, is not true.

In view of the section of the Civil Code in force, cited above, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant.

*Affirmed.*

Justices Hernández, Figueras and MacLeary, concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.